```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT


ANTHONY CARTER                   :
                                 :              PRISONER
     v.                          :    Case No. 3:04CV1691(JBA)
                                 :
JAMES DEREENZDA and              :
THERESA LANTZ                    :
```

RULING AND ORDER

On July 29, 2005, the court denied the petition for writ of habeas corpus. The court held that petitioner had not fully exhausted his state court remedies with regard to the issues contained in this petition and, even if the claims were fully exhausted, the petition should be denied on the merits. Petitioner has filed a motion for reconsideration and a motion for clarification and rectification.

I.    Motion for Reconsideration [doc. #24]

The standard for granting a motion for reconsideration is strict. See Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Such a motion generally will be denied unless the "moving party can point to controlling decisions or data that the court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Id. The function of a motion for reconsideration thus is to present the court with an opportunity to correct "manifest errors of law or fact or to consider newly discovered evidence...." LoSacco v. City of Middletown, 822 F. Supp. 870, 876-77 (D. Conn. 1993)

(quoting Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987)), aff'd, 33 F.3d 50 (2d Cir. 1994).

Petitioner asks the court to reconsider its ruling on his first ground for relief because the respondent did not argue to the Connecticut Appellate Court and that court did not reference in its decision, two U.S. Supreme Court cases that the respondent included in his memorandum to this court.

Collateral review of a conviction is not merely a "rerun of the direct appeal." Lee v. McCaughtry, 933 F.2d 536, 538 (7th Cir.), cert. denied, 502 U.S. 895 (1991). Petitioner must demonstrate that the adjudication of the claim in state court either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The federal law defined by the Supreme Court "may be either a generalized standard enunciated in the Court's case law or a bright-line rule designed to effectuate such a standard in a particular context." Kennaugh v. Miller, 289 F.3d 36, 42 (2d Cir. 2002).

Thus, whether respondent referenced a particular Supreme Court case before the state appellate court is not the issue.

2

What this court was required to address was whether the decision of the state appellate court was contrary to or an unreasonable application of the holding of any Supreme Court case.

Here, the court determined that the decision of the Connecticut Appellate Court on petitioner's first claim was not contrary to or an unreasonable application of Supreme Court law and denied the petition on the first ground. In his motion for reconsideration, petitioner has not identified any applicable Supreme Court law overlooked by the court. Accordingly, the requested relief is denied with regard to the first ground.

With regard to the second ground for relief, petitioner moves for reconsideration of the court's determination that the cases cited by petitioner were not relevant to the crimes with which petitioner was charged. Petitioner has referenced specific sentences from the cases out of context. He has not identified any evidence or law that the court overlooked in reaching its decision. Accordingly, the requested relief is denied as to the second ground as well.

II. Motion for Clarification and Rectification [doc. #23]

Petitioner moves, pursuant to Local Rules 27 and 2, D. Conn. L. Civ. R., for clarification and rectification of the July 29, 2005 decision. Local Rules 2 and 27 have been reserved for future use. Thus, neither rule authorizes petitioner's motion.

In his motion, petitioner asks the court four questions.

First, he asks the court "what United States Supreme Court authority did this court find the State Courts decision was not 'contrary to' or an 'unreasonable application of'?"  Petitioner misconstrues the applicable standard.  First, in seeking a writ of habeas corpus, the prisoner bears the burden of showing that the state court's decision was contrary to or an unreasonable application of constitutional law as determined by the Supreme Court, under 28 U.S.C. § 2254(d).  Second, a "decision is 'contrary to' clearly established federal law as determined by the Supreme Court if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.  A decision is an 'unreasonable application' of clearly established Supreme Court law if a state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of a prisoner's case." Kennaugh v. Miller, 289 F.3d 36, 42 (2d Cir. 2002) (internal citations, quotation marks and alterations omitted).  Thus, the district court's decision involves analyzing all the facts of a petitioner's case in light of the holdings of all relevant Supreme Court case law.

The remaining three questions concern the basis for the court's decision.  The court has reviewed the decision and

concludes that the basis for the decision is sufficiently explained in the decision.  Accordingly, petitioner's motion for articulation and request for rectification are denied.

III. Conclusion

Petitioner's motion for reconsideration [**doc. #24**] is **GRANTED** but the relief requested is **DENIED**.  Petitioner's motion for clarification and rectification [**doc. #23**] is **DENIED**.

**SO ORDERED** this 25th day of October, 2005, at New Haven, Connecticut.

/s/
_____
Janet Bond Arterton
United States District Judge